UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONGKUK INTERNATIONAL, INC.,<br>19750 Magellan Drive, Torrance, CA 90502<br><br>and<br><br>SAE-JOO CHANG,<br>74-11 Yulgok-ro 3-gil<br>Jongno-gu, Seoul, Republic of Korea<br><br>      Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br><br>      Defendant. | Case No. 1:16-cv-01584 |

**DECLARATION IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

I, Jongchul JANG, do hereby declare under penalty of perjury the following:

1. I am an attorney with the law firm of Kim & Chang, attorneys of record for Mr. SAE-JOO CHANG ("Mr. Chang") in the Seoul High Court, Criminal Division, Republic of Korea ("Korea") and counsel for Mr. Chang's appeal to the Korean Supreme Court of his conviction for the offense of "habitual gambling" under Korean law. I make this declaration in support of Plaintiffs SAE-JOO CHANG's and DONGKUK INTERNATIONAL, INC.'s ("DKI") Motion for Preliminary Injunction in the above referenced matter.

## Background

2. Kim & Chang was founded in 1973 and is Korea's largest law firm. Based in Seoul, Kim & Chang is a full service law firm with approximately 1200 legal professionals. I am an attorney in the firm's Litigation Practice Group, Tax Audits & Dispute Practice Group and Anti-trust & Competition Group. Before joining Kim & Chang, I served in the Korean judiciary system for four (4) years as a judge in district courts. During my tenure as a judge, I accumulated extensive experience in a wide range of civil, criminal, administrative and tax litigation. A true and correct copy of my professional biography is attached hereto as **Exhibit 1** and also available online at www.kimchang.com. I am over the age of eighteen (18) years and reside in Seoul, Korea. I have studied English and have working proficiency in the language but am not fluent.

3. Mr. Chang was charged by the Korean Ministry of Justice ("Korean MOJ"), Seoul Central District Prosecutor's Office, with the offense of "habitual gambling" under Korean law, among other offenses. With some exceptions, Korean nationals are prohibited from gambling under Korean law, both in the territory of the Republic of Korea as well as outside its territory. See Republic of Korea Criminal Act, Articles 2, 3, 246 and 247. On November 19, 2015, Mr. Chang was convicted of the offense of "habitual gambling" as well as a separate offense related to embezzlement. The court sentenced him to forty-two months (42) in prison. Both the trial and Mr. Chang's conviction are a matter of public record. I personally represented Mr. Chang as lead counsel during the criminal trial and continue to represent him as lead counsel in his appeal of his conviction to the Korean Supreme Court.

4. During the course of Mr. Chang's trial, the Korean MOJ represented to me and the Seoul High Court that in or around April 2015 the Korean MOJ had issued a Request for Assistance letter ("RFA Letter") to the United States Department of Justice ("DOJ") regarding its investigation of Mr. Chang. The Korean MOJ advised that the RFA Letter was issued pursuant to the United States' Treaty with the Republic of Korea on Mutual Legal Assistance in Criminal Matters ("MLAT"). The Korean MOJ produced the DOJ's letter, dated November 9,

2015, responding to the RFA Letter, as well as portions of the evidence the Korean MOJ received from the DOJ related to Mr. Chang's gambling at the Wynn and Bellagio casinos in Las Vegas, Nevada. The Korean MOJ utilized this evidence produced by the DOJ to convict Mr. Chang of "habitual gambling" under Korean law for gambling at the aforementioned Las Vegas casinos. Attached as **Exhibit 2** is a true and correct copy of the DOJ's November 9, 2015 letter responding to the RFA Letter.

5.   During the course of the trial, the Korean MOJ also represented to me and the court that the RFA Letter pursuant to the MLAT specifically requested "**materials related to money laundering and casino gambling of Sae Joo Chang**…" This is reflected in Footnote 45 to the record of the intermediary appeal of the judgement, which was rendered in May 2016. Attached hereto as **Exhibit 3** are true and correct excerpts of the intermediary record of the appeal of the judgement (in the original Korean and certified English translation) rendered against Mr. Chang for the offense of "habitual gambling" ("Korean Judgment"). I have only attached as Exhibit 2, select portions of the Korean Judgment relating to the disclosure of the offense of "habitual gambling" entered against Mr. Chang, which consists of pages 1 (cover page), 62-74 and 101-105.

6.   The Korean MOJ, despite representing to the trial court that the request under the MLAT to the DOJ was for the purpose of gambling, the prosecutors from the Korean MOJ, Seoul Prosecutor's Office, did not and refused despite my repeated requests to provide me an actual copy of the RFA Letter, so that I could evaluate and determine for myself whether the evidence used to convict Mr. Chang of "habitual gambling" was procured by the Korean MOJ in accordance with the MLAT and Korean law. The Korean MOJ also provided a summary of the RFA Letter to the court, but never provided a copy of the actual RFA Letter. Because the Korean MOJ refused to provide me a copy of the RFA Letter, I am highly suspicious that the Korean MOJ did not actually include a reference to gambling offenses in the RFA Letter.

010-8252-7325/5/AMERICAS

## The Exculpatory Nature of the Korean MOJ's Request for Assistance to Mr. Chang's Appeal and the Urgent Need for the RFA Letter to Assist in Mr. Chang's Appeal

7. The RFA Letter is critical to Mr. Chang's appeal. It could potentially provide a basis for a drastic reduction in his sentence. For this reason, I have asked that Mr. Chang's attorneys in the United States seek to obtain a copy of it from the DOJ.

8. I have prepared a legal opinion in Korean explaining: 1) why the RFA Letter is critically important to Mr. Chang's appeal under Korean law and 2) when Mr. Chang's appeal to the Korean Supreme Court will likely be decided. A true and correct copy of my legal opinion, dated August 3, 2016 (and certified English translation) is attached hereto as **Exhibit 4.**

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

010-8252-7325/5/AMERICAS

9. Mr. Chang's appeal of his conviction for the offense of "habitual gambling" under Korean law is currently pending before the Korean Supreme court. Because Mr. Chang's case is an important one, and he is currently in custody pending his appeal, in my opinion, it is likely that the final judgment will be rendered by the Korean Supreme Court on Mr. Chang's appeal prior to September 20, 2016. It should be noted that under some circumstances the Korean Supreme Court could decide to extend the deadline and render the final judgment no later than November 20, 2016, but at present the Korean Supreme Court has not indicated that it will do so. Consequently, in order to utilize the RFA Letter in his appeal, I request on behalf of my client Mr. Chang that the RFA Letter be produced by the DOJ as soon as possible and, in any event, no later than August 31, 2016, so that I will have time to incorporate it into submissions in support of his appeal.

10. The aforementioned statements in this declaration were verbally translated to me in Korean prior to my attesting to the accuracy of this declaration and signing below.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief. Executed this 4th day of August 2016, at Seoul, Republic of Korea.

*Jong chul. Jang*

Jongchul JANG